**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CUSTOM CABLE INDUSTRIES, INC.           Case No. 8:10-bk-18478-___

    Debtor.                                              Chapter 11

_____/        ***EMERGENCY RELIEF REQUESTED***

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING USE OF**
**CASH COLLATERAL, AND GRANTING REPLACEMENT LIEN**

CUSTOM CABLE INDUSTRIES, INC., as debtor and debtor-in-possession, (the "Debtor") hereby files this Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral, and Granting Replacement Lien pursuant to 11 U.S.C. §§§§ 105(a), 361, 363, 541 and 552, and Rule 4001 Federal Rules of Bankruptcy Procedure, states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

3. The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on July 30, 2010 (the "Petition Date").

4. The Debtor is a full line provider of connectivity and information transfer solutions. It operates in two primary divisions: Cable Manufacturing, which

5. Since the Petition Date, the Debtor has continued to operate its business as Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code and pursuant to an order of the Court.

6. No committee of unsecured creditors has been appointed in this case, and no trustee or examiner has been appointed.

**Relief Requested and Grounds for Relief**

7. The Debtor's primary secured lender is ComVest Capital, LLC ("ComVest").

8. The Debtor hereby seeks authority, pursuant to Section 363 of the Bankruptcy Code, to use Cash Collateral generally, and for purposes including: (a) the care, maintenance and preservation of the estate's assets; (b) payment of necessary payroll, suppliers, utilities and other operating expenses; (c) other payments necessary to sustain continued business operations; and (d) costs of administration of this Chapter 11 case.

9. The Debtor requests authority to immediately use Cash Collateral pursuant to Section 363(c)(2) to pay the operating expenses necessary to continue operations of the Debtor's business, to maximize a return on its assets and to avoid irreparable harm and injury to its business and this estate.

10. The Debtor requests relief on an interim basis pursuant to Rule 4001(b)(2). The Debtor needs immediate use of Cash Collateral before the Court can hold a final evidentiary hearing as required by Rule 4001(b)(2). If this Motion is not considered on an expedited basis and the Debtor is not granted authority to use Cash Collateral immediately, there will be direct harm to the Debtor's business. The Debtor needs the immediate use of Cash Collateral to continue normal business operations. Without the ability to meet its ongoing and normal business expenses, the Debtor will be forced to discontinue normal business operations. A disruption or discontinuation of normal business operations will cause irreparable injury to the estate and the Debtor's efforts to reorganize. Further, this disruption would adversely impact the value of the estate and its assets, including the value of any of ComVest's collateral.

11. To the extent that ComVest asserts a security interest in the Debtor's Cash Collateral, the Debtor proposes to grant ComVest, as adequate protection a replacement lien upon and security interest in all assets acquired by Debtor post-petition which fall into the same category as those covered by ComVest's lien pre-petition, and any proceeds thereof to the extent of Cash Collateral used or consumed by Debtor, until further order of this Court. The replacement lien would be granted to the same extent, validity and priority as ComVest's pre-petition liens. The Debtor asserts that ComVest's security interest in its Cash Collateral is adequately protected by the replacement lien to be granted.

12. In light of the filing of this Motion, the Debtor anticipates negotiating with ComVest regarding the terms of an interim cash collateral order.

**WHEREFORE,** the Debtor respectfully requests that this Court: (a) grant the Motion; (b) authorize the Debtor to Use Cash Collateral on an interim basis; (c) grant ComVest a replacement lien as set forth above; (d) schedule a preliminary hearing on the Motion on an emergency basis; (e) schedule a final hearing on the Motion in accordance with Rule 4001(b)(2); and (f) grant such other and further relief as the Court deems appropriate.

/s/ Michael P. Horan
MICHAEL P. HORAN
Florida Bar No. 0307742
mphoran@trenam.com
STEPHANIE CRANE LIEB
Florida Bar No. 0031806
slieb@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
Suite 2700, Bank of America Plaza
101 East Kennedy Boulevard
Tampa, Florida 33602
Telephone: (813) 223-7474
Fax: (813) 229-6553

Proposed Attorneys for Custom Cable Industries, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL, AND GRANTING REPLACEMENT LIEN was filed via the Court's ECF System and served via ECF and U.S. Mail to: **Debtor**, Custom Cable Industries, Inc., 3221 Cherry Palm Drive, Tampa, Florida 33619; **Debtor's Counsel**, Michael P. Horan, Esquire, Trenam Kemker, P.O. Box 1102, Tampa, Florida 33601; **United States Trustee**, 501 East Polk Street, Tampa, Florida 33602 **LBR 1007-2 Parties in Interest List**; and **Counsel for ComVest Capital, LLC**, RJ Haughey, Esquire, Sivyer, Barlow & Watson, P.A., 401 E. Jackson Street, Suite 2225, Tampa, Florida 33602; on this 30th day of July, 2010.

/s/ Michael P. Horan